Pearson, C. J.
 

 According to the words of the statute the jailor is to furnish food to the debtor, and he is authorized to sue the creditor for the value of the board so furnished. So no question is made but that the action may be maintained in the name of the jailor.
 

 But it is said the action may also be maintained in the name of the
 
 sheriff
 
 when, as in this case, the sheriff and jailor are different individuals, and the argument is put on the g-round that at common law the jailor is the appointee, the deputy, and mere
 
 agent
 
 of the sheriff, who, under the rule
 
 *580
 

 respondeat superior,
 
 is liable for all of his acts of commission or omission, and consequently may sue for whatever he may be entitled to as fees or perquisites of office. This right of the sheriff to sue for the fees or perquisites of office to which his agent the jailor is entitled by the common law, may be admitted, but at common law the creditor was not liable for the board of the debtor while in prison. The liability is created by statute, and of course the right to sue must depend upon the words of the statute, and cannot be extended by reference to the common law. This conclusion is confirmed by the practice under this statute. We find many cases in which the action has been maintained in the name of the jailor, but no case in which the action has been brought in the name of the sheriff. So this is an action of the first impression, and our conclusion is that it cannot be maintained.
 

 The judgment in favor oí the plaintiff is set aside, and a judgment of nonsuit on the point of law reserved.
 

 Per Curiam. Judgment for defendant.